**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID EUGENE TURNER,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:10cv193-MP/WCS**

**SHERON WELLS, et al.,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

Before me is Plaintiff's motion for voluntary dismissal. Doc. 11. Plaintiff was already granted *in forma pauperis* status, doc. 4, and submitted an initial partial filing payment of $20.00, doc. 5, although he was directed to pay $27.17 by June 25, 2010. Doc. 4. I reviewed Plaintiff's case and pointed out the difficulties with this civil rights case in light of Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) and Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Plaintiff now acknowledges that submission of this case was premature. Doc. 11.

Plaintiff has requested, however, not just to dismissal this case, but asks that it "be put on hold until the time" that a ruling is entered in separate litigation. Doc. 11. That is not possible. The Court has no authority to stay this case so that administrative remedies or exhaustion can be pursued. Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In Edwards v. Balisok, the Supreme Court concluded that the district court had improperly stayed the inmate's civil rights case while he "sought restoration of his good-time credits." 520 U.S. at 649. Because § 1983 does not contain a "judicially imposed exhaustion requirement . . . absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* Accordingly, Plaintiff's case may not be stayed while he awaits rulings in separate litigation such that this case could move forward.

Additionally, Plaintiff is requesting that money already submitted for this case, and additional funds of $70.00 have been received, see docs. 8-10, 12, be "placed on hold with" this complaint, and then permit the case to proceed, using the balance for this case. Doc. 11. That request can also not be granted because, first, this case cannot be stayed. Second, it is not possible to know in advance whether Plaintiff will, at some unknown point in time in the future, be again entitled to *in forma pauperis* status.

Plaintiff's motion for voluntary dismissal, doc. 11, should be granted pursuant to FED. R. CIV. P. 41(a). Plaintiff is advised that this case cannot be stayed, and the payments already made simply applied to a new case, if and when that case may be initiated.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for voluntary dismissal, doc. 11, be **GRANTED** pursuant to FED. R. CIV. P. 41(a), and .this case be **DISMISSED without prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on August 3, 2010.


    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**